IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHANCE BROGAN FRIDRIKSSON,

    Plaintiff,
v.                                                         CASE NO. 1:21-cv-83-AW-GRJ

JOSE GARCES-RIVERA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss or for Summary Judgment, ECF No. 26, in this "medical deliberate indifference" case brought pursuant to 42 U.S.C. § 1983, ECF No. 6. Plaintiff has responded, ECF No. 29, and Defendants have replied, ECF No. 36. The motion is, therefore, ripe for resolution.

In their hybrid motion, Defendant medical professionals—who are contracted by the jail to provide medical services to Alachua County inmates—make two arguments. First, Defendants contend that this case must be dismissed because Plaintiff, Chance Fridriksson ("Fridriksson"), failed to truthfully disclose his litigation history as required by the Court. ECF No. 26 at 14-16. Second, Defendants argue that they are entitled to dismissal because Fridriksson fails to state a claim because Fridriksson does not allege facts sufficient to establish that Defendants had the

culpable state of mind to support a medical deliberate indifference claim. ECF No. 26 at 13-14.  Upon careful review of the parties' submissions and upon due consideration, the Court concludes that this case should be dismissed without prejudice for abuse of the judicial process and for failure to comply with a court order.

## I.  PROCEDURAL HISTORY

On May 3, 2021, Fridriksson filed his initial complaint using a civil rights complaint form for use by *pro se* prisoners. *See* ECF No. 1. The form requires prisoners to disclose information regarding previous lawsuits initiated by them.  The form specifically required Fridriksson to disclose whether any prior case filed by him, while incarcerated, had been dismissed as frivolous, malicious, or for failure to state a claim such that it constituted a strike under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  ECF No. 1 at 1.  In response, Fridriksson attested that, to the best of his knowledge, he had not had a case dismissed that counted as a strike.  ECF No. 1 at 11.[1]

A review of the Court's PACER case index, however, revealed that Fridriksson has filed six (6) civil rights complaints in this District and in the

---

[1] Fridriksson filed his First Amended Complaint using the incorrect form—one used by *pro se* non-prisoner litigants.  ECF No. 6.  That form does not require plaintiffs to disclose their litigation history or prisoner status.

Middle District of Florida (including this lawsuit), two of which constitute a strike under the PLRA.  *See Fridriksson v. Wooten, et al.*, Case No. 5:20-cv-589 (M.D. Fla.) (dismissed as a strike on Jan. 19, 2021); *Fridriksson v. Wooten, et al.*, Case No. 5:21-cv-74 (M.D. Fla.) (dismissed for failure to state a claim on Aug. 19, 2021, a strike); *see also Fridriksson v. Kyle, et al.*, Case No. 8:17-cv-74 (M.D. Fla.) (dismissed for failure to prosecute on Feb. 27, 2019); *Fridriksson v. Figuero, et al.*, Case No. 3:18-cv-879 (M.D. Fla.) (dismissed for failure to prosecute); *Fridriksson v. Rivera, et al.*, Case No. 1:21-cv-83 (N.D. Fla.) (this lawsuit); and *Fridriksson v. Villegas, et al.*, Case No. 1:21-cv-64 (N.D. Fla.) (where two (2) Show Cause Orders directed at plaintiff were not responded to by deadline, ECF Nos. 30, 36).

Although Fridriksson disclosed four (4) of these six (6) lawsuits, he misrepresented that none of them constituted a strike.  *See* ECF No. 1 at 12-14.  In light of this fact, the Court directed Plaintiff to show cause as to why his case should not be dismissed for abuse of the judicial process. ECF No. 38. To date, Plaintiff has not responded.

## II. DISCUSSION

### A. Abuse of the Judicial Process.

Fridriksson has a history with this Court that should have reasonably apprised him of the fact that he was required to disclose his litigation history, including his former "strikes", when he filed the Complaint in this action. Fridriksson's subsequent failure to supply the Court with an explanation as to why he failed to make the required disclosure (as directed by the Court) warrants dismissal of this case for abuse of the judicial process.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011). In *Redmon*, the Eleventh Circuit concluded that a prisoner's failure to disclose a previous lawsuit constituted abuse of the judicial process, warranting the sanction of dismissal of his *pro se* 42 U.S.C. § 1983 action. 414 F. App'x at 226. Even though the plaintiff argued that he "misunderstood" the *pro se* civil rights complaint form, the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to

disclose previously filed lawsuits[.]" *Id*. Consequently, dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*. at 225-26; *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (upholding dismissal based on abuse of judicial process for inmate's failure to disclose prior litigation); *Shelton v. Rohrs,* 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff prisoner] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Sec'y, Fla. Dep't of Corr.*, 380 F. App'x 939, 941 (11th Cir. 2010) (holding the district court did not abuse its discretion when it sanctioned the inmate for failing to disclose the prior cases he had filed).

The litigation history information required on the *pro se* civil rights form helps the Court determine whether the prisoner is subject to the PLRA's "three strikes" provision. It also helps the Court manage prisoner litigation by identifying whether the present lawsuit is related to or impacted

5

by other cases. "The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal." *Evans v. Johnson*, Case No. 5:17-cv-121-MCR-GRJ, 2017 WL 2374882, *2 (N.D. Fla. Apr. 27, 2017), *report and recommendation adopted* at 2017 WL 2371821 (May 31, 2017); *see also Johnson v. Crawson*, Case No. 5:08-cv-300-RS-EMT, 2010 WL 1380247, *5-6 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, Case No. 3:09-cv-151-LAC-MD, 2009 WL 2432684, *6 (N.D. Fla. Aug. 6, 2009) (adopting report and recommendation that stated: "If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In the present case, the Court concludes that no lesser sanction than dismissal would suffice to deter the type of litigation misconduct described

6

in this Order.  For example, providing Fridriksson with an opportunity to amend his complaint to disclose the previous lawsuits and strikes would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 818 (11th Cir. 2006) (unpublished) ("[T]o allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

In sum, Fridriksson's sworn statements that he did not have a prior "strike" when he, in fact, had two strikes, warrants dismissal of this case for abuse of the judicial process.

## B. Failure to Comply with Court Order.

Additionally, this case is due to be dismissed for Fridriksson's failure to comply with the Court's Show Cause Order, directing him to explain why this case should not be dismissed for abuse of the judicial process.  *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").  Such disregard of a court's order warrants dismissal. *See Ford v. Jackson*, Civil Action No. 1:18-cv-280-CC, 2018 WL 11026385 (N.D. Ga. Apr. 9, 2018), *adopting report and*

*recommendation* that *pro se* lawsuit be dismissed for failure to disclose litigation history and for failure to respond to show cause order.

The Court has given Fridriksson two months now to explain why he failed to truthfully disclose his litigation history so the Court could evaluate Defendant's argument that dismissal was required because Plaintiff abused the judicial process.  Rather than comply with the Court's clear directive, Plaintiff did not respond.  Not responding to the Court's Show Cause Order warrants dismissal.  *See Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982 (11th Cir. 2019) (per curiam) (affirming *sua sponte* dismissal of Section 1983 case where plaintiff prisoner failed to comply with show cause orders).

Finally, before dismissing a case, courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under Section 1983 for the type of injuries alleged by Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). In this lawsuit, Fridriksson complains of events that occurred at the Alachua County jail in March through May of 2021.  ECF No. 9.  Thus,

8

dismissal without prejudice would not bar Fridriksson from refiling this action prior to expiration of the statute of limitations.

### III. CONCLUSION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 26, should be **GRANTED** and this case should be **DISMISSED** as malicious for abuse of the judicial process and for failure to comply with a court order.[2]

**IN CHAMBERS** in Gainesville, Florida this 24th day of May 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Fridriksson elects to re-file his claims, then as a three-striker, he will be unable to proceed as a pauper absent a showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.